UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEDRIC BIAS                                       CIVIL ACTION

VERSUS                                            NO. 20-1433

EMPLOYERS MUTUAL CASUALTY
COMPANY, ET AL.                                   SECTION: "B"(1)

<u>ORDER AND REASONS</u>

Before the court are defendant Estate of Byron Lee Sanford's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, (Rec. Docs. 10, 16), and plaintiff Kedric Bias's unopposed motions to substitute (Rec. Doc. 16) and to appoint (Rec. Doc. 17).

For the reasons discussed below, defendant's motion to dismiss is **GRANTED** and plaintiff's motions to substitute and appoint are **DENIED**.

I.   FACTS AND PROCEDURAL HISTORY

On August 15, 2019, Byron Lee Sanford, a Mississippi resident, was driving a vehicle that belonged to defendant Paul's Discount Glass & Tire, Inc. when he struck the rear end of plaintiff Kedric Bias's vehicle on Interstate-12 eastbound in St. Tammany Parish, Louisiana. (Rec. Doc. 16 at 1). Unfortunately, Mr. Sanford subsequently died from accident-related injuries. *Id.* Plaintiff then filed suit in state court on April 24, 2020 against defendants the Estate of Byron Lee Sanford (the "Estate"), Paul's Discount

Glass & Tire, Inc., and Employers Mutual Casualty Company ("EMC") for personal injuries he sustained during the accident. (Rec. Doc. 1-2). Plaintiff served the pleadings on the Estate pursuant to Louisiana's long arm statute[1] via Certified Mail[2], which the Estate received and accepted on May 4, 2020. (Rec. Doc. 7 at 2). On May 13, 2020, defendant EMC removed this case to the United States District Court for the Eastern District of Louisiana pursuant to diversity jurisdiction under 28 U.S.C. § 1332. (Rec. Doc. 1).

On August 28, 2020, the Estate moved to dismiss the claim against it for lack of personal jurisdiction and/or insufficient service of process. (Rec. Doc. 10). This court granted plaintiff's motion to continue the submission date for the motion to dismiss until November 25, 2020. (Rec. Doc. 15). Plaintiff responded to the motion dismiss and subsequently moved to substitute, (Rec. Doc. 16), and filed a motion to appoint an "attorney at law" to represent the Estate on November 17, 2020. (Rec. Doc. 17). The Estate never filed a response and the motions were deemed unopposed.

## II.  PARTIES' CONTENTIONS

In its motion to dismiss, the Estate alleges that under Louisiana Law, an estate is not a legal entity and not the proper

---

[1] La. Rev. Stat. 13:3201 *et seq.*
[2] The signature and printed name of the agent that received and accepted service is illegible. *See* Rec. Doc. 7-1.

party in this lawsuit. (Rec. Doc. 10-1 at 1). Therefore, the Court lacks personal jurisdiction over the Estate and there was no service on the Estate. *Id.* at 2. The Estate argues that the proper party in this matter is the succession representative. *Id.*

In response to the Estate's motion to dismiss, plaintiff Kedric Bias does not refute that the succession representative is the proper party to sue but alleges that there is no appointed representative of the Estate and no succession has been opened. (Rec. Doc. 16 at 4). Accordingly, plaintiff asks this Court to appoint an attorney at law to represent the Estate and substitute that representative as the proper party in place of the Estate. *Id*. at 5. Plaintiff further contends that the appointment of a nondiverse attorney does not destroy diversity jurisdiction. *Id.*

## III. LAW AND ANALYSIS

Federal courts sitting in diversity cases are to apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 467, 465 (1965) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Federal Rules of Civil Procedure Rule 17(b) provides that the capacity to be sued is determined "for an individual who is not acting in a representative capacity, by the law of the individual's domicile; … for all other parties, by the law of the state where the court is located." Fed. R. Civ. P. 17(b).

Therefore, federal law relies on state law to determine if a party can be named as a defendant to a lawsuit.

In its motion to dismiss, the Estate argues, and plaintiff agrees, that the proper party to this lawsuit is the succession representative. (Rec. Doc. 10-1). Louisiana Code of Civil Procedure Article 734 provides that the succession representative is the proper party in an action to enforce an obligation of the deceased while the succession "is under administration." La. C. Civ. P. art. 734. The Supreme Court of Louisiana places the burden on the plaintiff to determine whether or not the succession of a defendant has been opened and whether there was a succession representative in existence, and (if not) to initiate proceedings to open the succession and have the proper succession representative appointed and subsequently named as the defendant in the personal injury matter. *State through DOTD v. Estate of Davis*, 572 So. 2d 39, 43 (La. 1990).

However, this court finds that the succession representative is not the proper party to this litigation. While plaintiff has not provided any evidence[3] to prove whether a succession has already been opened for Byron Lee Sanford, he does contend in his

---

[3] For example, in *United States v. Juneau*, the government filed the affidavit of an alleged long-time friend of the deceased to show Douglas Juneau's succession was never "opened," and that he has heirs. *United States v. Juneau*, 1:18-CV-00603, 2018 WL 3357359, at *1 (W.D. La. July 9, 2018).

motion to appoint that the succession has not been opened and no succession representative has been appointed to his estate. (Rec. Doc. 17-1 at 3). Article 734 applies while the succession "is under administration." Under a plain reading of this provision, if no succession has been opened, as it is argued in this case, then the article is inapplicable.

Moreover, plaintiff's counsel asserts he "was unable to locate any federal court cases specifically addressing who might be considered a proper party defendant, under Louisiana Law, other than an already existing 'succession representative…'" (Rec. Doc. 17-1 at 3). But Louisiana law explicitly provides a specific framework for service upon a deceased non-resident defendant. *See* La. Rev. Stat. 13:3474 and 13:3475. Byron Lee Sanford was a Mississippi resident driving on a Louisiana highway when the accident with plaintiff occurred and he died before plaintiff brought this action. The non-resident motorist statute provides that:

> In the event of the death of such non-resident before service of process upon him, any action or proceeding growing out of such accident or collision may be instituted against the executors or administrators of such deceased non-resident, if there be such, and if not, then against his heirs or legatees, and service may be made upon them as provided in R.S. 13:3475. Process against the defendant or defendants, the non-resident, his executors or administrators, if there be such, and if not, then against his heirs or legatees, or the liability insurer of such vehicle, as the case may be, shall

> be of the same legal force and validity as if served upon
> such defendant personally. La. Rev. Stat. 13:3474.

La. Rev. Stat. 13:3475 then explains how service is to be made by:

> Serving a copy of the petition and citation on the secretary
> of state, or his successor in office, and such service shall
> be sufficient service upon the defendant, the nonresident,
> the executors or administrators of the deceased nonresident,
> if there be such, and if not, then against his heirs or
> legatees, or the nonresident liability insurer of the
> vehicle, as the case may be; provided that notice of such
> service, together with a copy of the petition and citation,
> is forthwith sent by the plaintiff by registered mail or
> certified mail with receipt requested … is filed in the
> proceedings before judgment can be entered against the
> defendant. La. Rev. Stat. 13:3475.

It is unclear who "accepted service" on behalf of the Estate when plaintiff sent a certified petition and citation to the decedent's former home address and whether plaintiff followed the instructions of La. Rev. Stat. 13:3475. Regardless, the Estate of Byron Lee Sanford is not the proper party to this litigation under Louisiana law and plaintiff may not be able to substitute a proper party listed in La. Rev. Stat. 13:3474. Rule 25 of the Federal Rules of Civil Procedure states:

> If a party dies and the claim is not extinguished, the court
> may order substitution of the proper party. A motion for
> substitution may be made by any party or by the decedent's
> successor or representative. If the motion is not made within
> 90 days after service of a statement noting the death, the
> action by or against the decedent must be dismissed.

In his motion to substitute, plaintiff provides no case law to support an argument that a party may use Rule 25 to substitute a party that was improper from the onset of the action, nor does he provide case law to support the contention that Rule 25 may be used when the party dies before the action commences. Further briefing would be necessary.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff is given **thirty days to amend** the complaint and make service of process on the proper party according to Louisiana Revised Statute 13:3475, or face dismissal for failure to timely comply without further notice;

**IT IS FURTHER ORDERED** that defendant Estate of Byron Lee Sanford's motion to dismiss (Rec. Doc. 10) is **GRANTED**; and

**IT IS FURTHER ORDERED** that plaintiff's motions to substitute (Rec. Doc. 16) and to appoint (Rec. Doc. 17) are **DENIED.**


New Orleans, Louisiana this 30th day of March, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE